UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE JOSEPH NOBLE, | No. 2:13-cv-0888 AC P |
| Petitioner, | |
| v. | ORDER |
| T.V. VIRGA, | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Pending before the court is respondent's motion to dismiss the petition as untimely and on the ground that claim one is not cognizable on habeas (ECF No. 9).  Petitioner opposed the motion (ECF No. 11), and respondent has filed a reply (ECF No. 13).  Both parties have consented to the jurisdiction of the undersigned (ECF Nos. 4, 8).  For the reasons outlined below, the court grants the motion to dismiss the petition.

*Procedural Background*

Petitioner pleaded guilty to possession of a sharp instrument while a state prisoner and admitted two prior strike convictions.  See Lodged Doc. 2, at 2 (California Court of Appeal Opinion).  On February 10, 2011, he was sentenced to 25 years to life consecutive to the term he was already serving for a prior offense.  See Lodged Doc. 1, at 2.  The trial court also imposed a $1,000 restitution fine and a $40 security fee.  Id.

1

1    Petitioner was appointed counsel on direct appeal who filed a <u>Wende</u>¹ brief.  <u>See</u> Lodged
2 Doc. No. 2 at 2.  Appellate counsel advised petitioner of his right to file a supplemental brief on
3 appeal to which he responded by filing a "petition for writ of habeas corpus/supplemental brief"
4 in the California Court of Appeal on June 26, 2011.  <u>See</u> ECF No. 11 at 9; Lodged Doc. No. 2 at 3
5 n. 3.  Petitioner's conviction was affirmed on September 15, 2011.  <u>See</u> Lodged Doc. No. 2.
6    On December 11, 2011 petitioner filed a habeas corpus petition in the California Supreme
7 Court.  <u>See</u> Lodged Doc. No. 3.  This petition was denied by the court on April 11, 2012.  <u>See</u>
8 Lodged Doc. No. 4.

*2254 Petition*

10    On May 2, 2013, petitioner filed the instant federal habeas petition² presenting two claims
11 for relief.  He first challenges the imposition of a restitution fine, arguing that the trial court
12 imposed it in breach of the terms of his plea agreement in violation of the due process clause of
13 the Fourteenth Amendment.  ECF No. 1 at 6.  His second claim for relief is based on the
14 ineffectiveness of his counsel at sentencing and on direct appeal in violation of the Sixth and
15 Fourteenth Amendments.  ECF No. 1 at 10.

*Discussion*

17    Section 2244(d)(1) of Title 28 of the United States Code contains a one year statute of
18 limitations for filing a habeas petition in federal court.  The one year clock commences from
19 several alternative triggering dates which are defined as "(A) the date on which the judgment
20 became final by the conclusion of direct review or the expiration of the time for seeking such
21 review; (B) the date on which the impediment to filing… is removed, if the applicant was
22 prevented from filing by such State action; (C) the date on which the constitutional right asserted
23 was initially recognized by the Supreme Court… and made retroactively applicable to cases on

---

¹ <u>People v. Wende</u>, 25 Cal.3d 436 (1979) (approving of the practice whereby appointed counsel files an appellate brief setting forth a summary of the proceedings as well as the facts of the case and requests the court to independently review the record because there are no arguable legal issues to raise).

² Petitioner has been given the benefit of the prison mailbox rule for all of his pleadings filed in both state and federal court.  <u>See Campbell v. Henry</u>, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

2

collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). The statute of limitations clock also stops, or is tolled, during the pendency of properly filed state habeas petitions. 28 U.S.C. § 2244(d)(2).

In the instant case, the limitations period commenced on the date that the petitioner's direct review became final. 28 U.S.C. § 2244 (d)(1)(A). Petitioner does not allege any alternative triggering date for the statute of limitations. Finality is determined "by the conclusion of direct review or the expiration of time to seek direct review." Id.; see e.g., Porter v. Ollison, 620 F.3d 952, 958 (9th Cir.2010). Here, petitioner did not seek review by the California Supreme Court following the affirmance of his conviction by the California Court of Appeal on September 15, 2011. Therefore, his conviction became final for purposes of the AEDPA on October 25, 2011, after the time had elapsed to seek review by the California Supreme Court. See Cal. Rules of Court 8.366(b)(1), 8.500. The limitations period started to run the following day and ended one year later on October 25, 2012, absent any statutory tolling.

*1. Statutory Tolling*

The time during which a "properly filed" application for state post-conviction or collateral review (including California habeas proceedings) is pending does not count toward the one-year limitations period. 28 U.S.C. § 2244(d)(2); Porter, 620 F.3d at 958. An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct state appeal becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.1999). Tolling continues during the intervals between a lower court's decision in post-conviction proceedings and the proper filing of a new petition or a notice of appeal in a higher court, so long as the filing is deemed timely under state law. Evans v. Chavis, 546 U.S. 189 (2006).

Here petitioner filed a state habeas petition in the California Supreme Court on December 11, 2011 which was denied on April 11, 2012. The statute of limitations was therefore tolled

1  during these 123 days in which his state habeas petition was pending.  See 28 U.S.C. §

2  2244(d)(2).  The limitations period was thus extended to February 25, 2013.

3        Petitioner argues that his supplemental pro se brief in the California Court of Appeal was

4  in actuality a state habeas petition, and that he is therefore entitled to gap tolling between its

5  denial on September 15, 2011 and the filing date of his habeas petition in the California Supreme

6  Court on December 11, 2011.  However, even at the time he filed this pleading in the state court,

7  petitioner himself referred to it as a "supplemental brief."  See ECF No. 1 at 2; ECF No. 11 at 9.

8  Therefore, his attempt to re-characterize it as a separate and independent state habeas corpus

9  petition is disingenuous.  Moreover, the California Court of Appeal correctly construed it as a

10  supplemental brief which petitioner was entitled to file under Wende.  See Lodged Doc. No. 2 at

11  3 n. 3.  Notwithstanding this differing nomenclature, petitioner's argument fails for an additional

12  reason.  Petitioner waited 87 days after the intermediate court of appeals decision to file his

13  habeas corpus petition in the California Supreme Court.  Even assuming arguendo that gap tolling

14  could apply to petitioner's disparate state filings, he is not entitled to such tolling due to the

15  unreasonable length of the delay.

16        Gap tolling does not apply where a California petitioner unreasonably delays by

17  exceeding the 30 day deadline that most states (though not California) set for appeal of a lower

18  court denial.  See Evans v. Chavis, 546 U.S. 189 (2006) (discussing California's "special system

19  governing appeals when prisoners seek relief on collateral review… within a 'reasonable time.'").

20  The Ninth Circuit has regularly applied this principle to deny gap tolling for intervals similar to

21  that presented here.  See Stancle v. Clay, 692 F.3d 948 (9th Cir. 2012) (denying gap tolling

22  because the 82 day delay between state habeas corpus filings was unreasonable); Velasquez v.

23  Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (denying gap tolling because the delays of 81 and 91

24  days between state habeas corpus filings was unreasonable).  Petitioner provides no explanation

25  for the delay in filing his habeas corpus petition in the California Supreme Court.  Id.  Therefore,

26  gap tolling is not available to extend the statute of limitations.

27        Petitioner cites to Lott v. Mueller, 304 F.3d 918 (9th Cir. 2001), for the proposition that he

28  is entitled to an additional 30 days of statutory tolling after the California Supreme Court denied

his state habeas petition.  The court in Lott relied on <u>Bunney v. Mitchell</u>, 262 F.3d 973 (9th Cir. 2001) (per curiam), which has been explicitly overruled by the amendment of the California Rules of Court in 2003.  Rule 8.532 now, and at the time of petitioner's California Supreme Court decision, provides that a denial of a writ of habeas corpus is final immediately upon filing.  Accordingly, petitioner is not entitled to this additional 30 days of statutory tolling.

As an additional basis for statutory tolling, petitioner argues that the statute of limitations should be tolled for 90 days after the California Supreme Court's denial of his state habeas petition. That argument not only misses the distinction between direct review and post-conviction review of criminal convictions, but has been squarely rejected by the United States Supreme Court.  <u>Compare</u> <u>Clay v. United States</u>, 537 U.S. 522 (2003) (finding that the period of direct review of a federal criminal conviction includes the 90 day period in which a defendant could file a petition for certiorari in the United States Supreme Court) <u>with</u> <u>Lawrence v. Florida</u>, 549 U.S. 327 (2007) (holding that a federal habeas petitioner is not entitled to statutorily toll the statute of limitations even when petitioner actually files a petition for certiorari seeking review of the highest state court's denial of post-conviction relief).

On this basis the court finds that petitioner's application for federal habeas corpus relief was filed more than two months beyond the expiration of the statute of limitations, and should therefore be dismissed absent any equitable tolling.

*2. Equitable Tolling*

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing.  See <u>Holland v. Florida</u>, 130 S. Ct. 2549 (2010); <u>Ramirez v. Yates</u>, 571 F.3d 993, 997 (9th Cir.2009).  The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  See <u>Holland</u>, 560 U.S. at 2565; <u>see</u> <u>also</u> <u>Bills v. Clark</u>, 628 F.3d 1092, 1096 (9th Cir. 2010).

Here, petitioner makes no claim for equitable tolling.  Even liberally construing petitioner's pleadings, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the only argument that would even

5

suggest the availability of equitable tolling is based on petitioner's limited access to the prison law library. However, the Ninth Circuit has squarely rejected this as a basis for equitable tolling. See Ramirez v. Yates, 571 F.3d 993 (9th Cir. 2009) (finding that "[o]rdinary prison limitations on Ramirez's access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner"). Based on this precedent, petitioner's untimely habeas petition is not saved by any equitable tolling.

*Restitution Challenge*

In their motion to dismiss, respondent alternatively argues that the first claim in petitioner's federal habeas petition challenging his restitution fine is not cognizable on habeas. See ECF No. 9 at 4. The court does not find it necessary to reach this argument based on the finding that the claims in the petition are untimely filed.

*Certificate of Appealability*

For all of the foregoing reasons, respondent's motion to dismiss the writ of habeas corpus as untimely should be granted. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

After careful review of the entire record herein, this court finds that petitioner has not

satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether petitioner's habeas corpus application was timely filed. Accordingly, a certificate of appealability should not issue in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 9) is granted;

2. Petitioner's request for judicial notice of documents filed contemporaneously with his habeas corpus petition is denied as moot (ECF No. 1, Attachment 1);

3. A certificate of appealability shall not issue in this case.

DATED: October 28, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ts/nobl0888